IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LAWRENCE CHARLES,**

    Plaintiff,

v.                                           Civil Action No. **3:23CV674 (RCY)**

**FAIRFAX POLICE DEPARTMENT,** *et al.***,**

    Defendants.

**MEMORANDUM OPINION**

By Memorandum Order entered on November 3, 2023, the Court conditionally docketed Plaintiff's action. On November 29, 2023, the United States Postal Service returned the November 3, 2023 Memorandum Order to the Court marked, "UNABLE TO FORWARD." (ECF No. 6, at 1.) Plaintiff did not contact the Court to provide a current address. Plaintiff's failure to contact the Court and provide a current address indicated his lack of interest in prosecuting this action. *See* Fed. R. Civ. P. 41(b). Accordingly, by Memorandum Opinion and Order entered on December 18, 2023, the Court dismissed the action without prejudice.

On January 5, 2024, the Court received a letter from Plaintiff asking the Court "to reinstate his complaint" and updating his address. (ECF No. 11, at 1.) Plaintiff's letter will be construed as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)

(citation omitted) (internal quotation marks omitted).  The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e):  "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion.  Plaintiff also fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice.  Plaintiff failed to comply with the directives of the Court and offers no persuasive reason why Rule 59(e) relief is appropriate.  Accordingly, the Rule 59(e) Motion (ECF No. 11) is DENIED.

Nevertheless, because it appears that Plaintiff remains intent on litigating the underlying action, the Court will DIRECT the Clerk to file his Complaint as a new civil action.  The Clerk will be DIRECTED to docket a copy of this Memorandum Order in the new civil action.  Once a new civil action has been opened, the Court will continue to process the action.  The present civil action, however, remains closed.  The Clerk shall terminate motion to proceed *in forma pauperis*. (ECF No. 15.)  The Clerk will send the appropriate forms for Plaintiff to complete once the new action is docketed.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date:  January 30, 2024
Richmond, Virginia

2